Cause No. 16,648-2001-B

| | | |
|---|---|---|
| Warren Keith Rodgers | I | IN The 402nd Judicial |
| TDCJ#1072740, Relator | § | District Court of |
| vs. | I | Wood County, Texas |
| Wood County District Clerk | § | |
| Jenica Turner, Respondent | I | |

Plaintiff's Original Application for Writ of Mandamus:

To The Honorable Judge of said Court:
Comes Now, Warren K. Rodgers, Relator, pro se in the above-styled and numbered cause of action and files this Original Application for Writ of Mandamus, Pursuant to Article 11.07 Section 3 (c) of the Texas Code of Criminal Procedure, and would show the Court the following:

I.
Warren K. Rodgers, TDCJ#1072740, is an offender incarcerated in the Texas Department of Criminal Justice and is appearing pro se, who can be located at: Barry Telford Unit
3899 State Hwy. 98
New Boston, TX 75570

Page 1

Relator has exhausted his Remedies and has no other adequate Remedy at law. The act sought to be compelled is Ministerial in Nature, to TCCP Art.11.07 Section 3(cc), And would show this Honorable court the following duties seeking: II.

Relator contends that the District Clerk, Respondent failed to compel the duties that Requires in Art.11.07 Section 3(cc). Relator contends also that the Respondent immediately Transmitted, the Application for writ of Habeas Corpus, after the District Attorney did not answer, to the Criminal Court of Appeals in Austin, TX.

The convicting court was denied the opportunity to determine whether there are controverted, previously unresolved facts Material to the legality of the Relator confinement. Respondent, Jenica Turner, as District Clerk of Wood County, Texas has a Ministerial duty to Receive and file all papers in a Criminal proceeding, and perform all other duties imposed on the clerk by law pursuant to TCCP Art.2.21, and is Responsible under TCCP 11.07 Sec.3(cc) to immediately transmit any answers filed and a certificate Reciting the date upon which that finding was made, if the convicting

Page 2

Court decides that there are No issues to be Resolved.

Jenica Turner, District Clerk, Wood County, may be served at her place of business at: P.O. Box 1707
Quitman, TX 75783
Phone: 903-763-2361

## III.

Violation of Article 11.07 of the Texas code of Criminal Procedure:

The Respondent violated Article 11.07 Section 3(c) of the Texas code of Criminal Procedure by failing to Provide Relator a copy of the certificate Reciting the written findings or opinion to the petition by the court. The Respondent also failed to give the court the opportunity within the (20) days to determine whether there are any issues to be Resolved. Relator Received this letter from the Respondent. SEE, Exhibit "A".
"ENCLOSED"



# Jenica Turner – District Clerk
# Wood County, Texas

P.O. Box 1707 * Quitman, TX 75783 * Phone: 903-763-2361 * Fax: 903-763-1511

November 17th, 2015

**Warren Keith Rodgers #1072740**
**Barry Telford Unit 3899**
**State Hwy 98**
**New Boston, Texas 75570**

Re: Cause No. 16,648-2001B (Application for Writ of Habeas Corpus)
THE STATE OF TEXAS VS. Warren Keith Rodgers

Mr. Rodgers,

*This letter is to inform you regarding your Application for Writ of Habeas Corpus, that no answer has been filed by the District Attorney and your case was appealed to the Criminal Court of Appeals in Austin, Texas on November 17th, 2015.*

Jenica Turner, District Clerk
Wood County, Texas

By: _____
Chelsey Clemmons, Deputy

As is clear from Respondent letter, she has failed to compel to Art. 11.07 Section 3(c). Respondent has acted in bad faith, and has also failed to afford Relator the professional and common courtesy of any written Responses to this correspondence and Requests.

## IV

"Relator would show this Honorable Court the following Reasons, why this Writ Application, and Motions, Needs to be Reviewed by the Court":

Relator contends that he filed an Motion Requesting for Appointment of Counsel, Motion for DNA Testing, pursuant to, chapter 64, on or about October.16, 2015 with the District Clerk office and accompanied with a Writ of Habeas Corpus Application: Relator contends that the state intentionally failed to disclose Medical Records before the Jury. See, Vol.7 at 137-38, Relator is accused of Aggravated Sexual Assault, Rape, IN this case, the Victim explained to the Nurse that she dug her fingernails into the Attacker. See, Vol.7 at 137-38.

Relator contends that he has NO scars or scratches from the victim fingernails. Officer Barkley stripped me of my clothes and found no scars or scratches on my body. Officer Barkley explained to the jurors during his interview with Relator, he saw no indication that Relator had been scratched or bruised in any way. (See, Vol. 7 at 152). But Officer Report stated that Ms. Allen said she dug her fingernail into her assailant, (see, Vol. 7 at 141-44).

Relator contends that this is the more reason the court should have reviewed the motions. Relator also contends pursuant to statute governing DNA testing, a trial judge had a ministerial duty to appoint counsel for Relator in a proceeding for DNA testing once Relator requested counsel and showed that he was indigent, see, Rodriguez, 77 S.W. 3d 459 (2002). Appointment of counsel is mandatory in a Postconviction proceeding seeking DNA testing, if the Relator does two things;
1.) Proves he is indigent.
2.) Informs the court that he wishes to file a motion for DNA testing.

Page.5

Relator contends that he Received an Response from the District Attorney office Dated November. 16, 2015, Regarding my Motion for DNA Testing of evidence Containing Biological Material Pursuant to Art. 64.01, in the Writ package that I filed with the trial Court. The State contend that he will await the Court's Preliminary Ruling to Respond to my Motion, but the District Clerk office forward my Application for Writ of Habeas Corpus, to this Honorable Court without the District Judge of the 402nd Judicial Court to Respond to the Writ, Nor Motion for Appointment of counsel, Motion Requesting DNA Testing, with an Written findings of fact, or Written opinion to the Petition. Relator Received an letter from the District Attorney, Agreeing to Respond to Motion For DNA Testing. See, Exhibit "B"

Relator, Respectfully Request this Honorable Court to Remand this case back to the 402nd Judicial Court with instruction to conduct a DNA Test, because NO DNA test was Available to Relator. NO Written findings or opinion to the Petition supported by Records was conducted.

Page. 6



# JIM WHEELER, CRIMINAL DISTRICT ATTORNEY
# WOOD COUNTY, TEXAS

★ P. O. BOX 689 ★ QUITMAN, TX 75783 ★ 903-763-4515 ★ FAX: 903-763-5105 ★

November 16, 2015

Warren K. Rodgers #1072740
Barry Telford Unit
3899 State Hwy 98
New Boston, TX 75570

Dear Mr. Rodgers,

In response to your letter dated November 2, 2015, you request this office to "conduct a DNA test..." which by statute is not a function of the District Attorney, rather by statute is the responsibility of the District Court. I further note that you have included a document entitled "Motion Requesting for Forensic DNA Testing of Evidence Containing Biological Material Pursuant to Art. 64.01", in the Writ package that you filed with the trial court.

As the granting or denying of DNA testing pursuant to the provisions of Tex. Code Crim. Proc., Art. 64.01, et. seq., is a judicial function, the State will await the Court's preliminary ruling to respond to your motion. Depending on that ruling, the State will file, if required, an appropriate response.

Cordially yours,

Jim Wheeler

hw/dm

IN Exparte Tuley, 109 S.W. 3d 388 (2002),
A Herrera Relator asserts that
Newly Discovered evidence establishes
an Relator's innocence, see, Herrera,
113 S.Ct 853. An Herrera-Type case
are those in which DNA Testing leads
to exoneration of the Relator.
The DNA Testing would prove preponderance
of evidence that the Jury Never discovered,
and if introduce No Jury would not
have convicted Relator, WARREN KEith
Rodgers, But by the Suppressing of
the evidence, the Prosecutor Convicted
a innocent Man. The 402nd Judicial Court Needs
to Determine if any issues are presented.

<u>Prayer:</u>

Relator prays that this court would grant the
Motions and writ of Mandamus by remanding
the case back to the convicting court, to
conduct an written findings or opinion
to the writ and Motions, that required of
Art. 11.07 Section 3(C). Relator prays that
the District clerk and District Judge are given
instruction to compel to Art. 11.07
Sec. 3 (CC).

<u>Page: 7</u>



December. __2__, 2015

Court of Criminal Appeals
Abel Acosta, Clerk

Re: Warren Keith Rodgers
Writ Cause No: 16,648-2001-B
TDCJ # 1072740

Dear Clerk Acosta,
Please find enclosed Plaintiff's Original
Application for Writ of Mandamus.
Please file this immediately and bring
it to the Attention of this Honorable Court,
because duties of Wood District Clerk
and Judicical Court has been violated.

Respectfully submitted,
Warren Keith Rodgers
#1072740
Telford Unit
3899 State Hwy.98
New Boston, TX 75570